# KENTUCKY COURT OF APPEALS

COMMONWEALTH *v.* CARTER COONEY.
SAME *v.* FRANK BROOKS.

**Criminal Law—Indictment.**

To charge a person named in an indictment with "being a tavern keeper" is not charging that such person was a licensed tavern keeper.

**Criminal Pleading—Indictment.**

When it is sought in an indictment to hold a person liable for a penalty prescribed alone against such as are licensed, the facts which render him liable, and not the pleader's conclusion from those facts, must be stated.

APPEAL FROM DAVIESS CIRCUIT COURT.

January 4, 1876.

OPINION BY JUDGE COFER:

There is no averment in either of these indictments showing that the defendant therein was a licensed tavern keeper. The language in such is "he being a tavern keeper" continued to keep said tavern for over a month thereafter, and did negligently and unlawfully fail and refuse, etc. This language does not amount to an averment that the defendants were at the time tavern keepers, but is a simple recital of a fact assumed to exist. Facts necessary to be stated in an indictment should be directly and positively averred and should not be stated by way of recital, argument or inference.

But aside from this objection it seems to this court that the indictments are defective in another particular. If the averment had been that the defendants were tavern keepers, the indictments would still be fatally defective. No one is amenable to the statute under which the indictments were found unless he has been licensed by the proper authority to keep a tavern, and it should have been averred that they were licensed, and the style of the court or other authority granting the license should have been stated, so that the court could have seen as matter of law on the face of the indictments that the defendants were licensed tavern keepers.

I

It is true that one not licensed as such is not, in contemplation of law, a tavern keeper; but when it is sought to hold a person liable for a penalty denounced alone against such as are licensed, the facts which render him liable, and not the pleader's conclusion from those facts, must be stated.

No one is administrator of the rights and credits of an intestate unless he has been appointed by legal authority; yet he cannot maintain a suit on a cause of action which accrued to his intestate without setting forth the fact of his appointment by the proper authority.

If the commonwealth need not aver that one indicted as a tavern keeper has been licensed, but may stop with the simple averment that he is a tavern keeper, if he pleads not guilty, and so puts the commonwealth to the proof, evidence must be adduced to prove facts not alleged, or the prosecution must fail. It is an old and familiar rule of criminal pleading that if, conceding all the allegations of facts contained in the indictment to be true, the defendant may nevertheless be innocent, the indictment is bad. The indictments in these cases are bad under that rule, and the judgment must be *affirmed*.

*T. E. Moss, for appellant.*